IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 94-101-1 |
| § | |
| § | |
| JOEL GUILLERMO § | |
| CHAVEZ-QUEZADA, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Joel Guillermo Chavez-Quezada is serving a 420 month sentence imposed in 1996, after a jury convicted him of conspiracy to distribute cocaine and possession with intent to distribute cocaine. Chavez filed an appeal, which was dismissed in 1996. He filed a motion for relief under 28 U.S.C. § 2255, which was denied in 1997. In 1998, the court of appeals dismissed his appeal from that judgment. In 2001, the court of appeals denied Chavez leave to file a successive motion for section 2255 relief.

Chavez has now filed a motion for a certificate of appealability. (Docket Entry Nos. 1021, 1023, 1024, 1025). He asserts that the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *Blakely v. Washington*, 124 S.Ct. 2531(2004) and *United States v. Booker,* 125 S.Ct. 738 (2005), provide a basis for relief; that the evidence was insufficient to support his conviction; that the grand jury proceeding included hearsay and

1

that testifying witnesses did not reveal exculpatory information in their possession; that the conviction was obtained by false and perjured testimony; and that defense counsel provided ineffective assistance.

The government has moved to dismiss because there is no timely order as to which a certificate of appealability may issue. This court agrees. Even if this court had a timely appeal before it, Chavez's request would nonetheless be denied. The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 120 S. Ct. 1595, 1603-04 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Chavez's primary argument is that he has a basis for relief based on the retroactive application of Supreme Court cases involving the application of the federal sentencing guidelines. The Fifth Circuit has held that *Booker* does not apply retroactively to initial or successive collateral challenges filed under 28 U.S.C. § 2255. *See In re Elwood,* 408 F.3d 211, 212 (5th Cir. 2005)(holding that the "Supreme Court has not made *Booker* retroactive to any cases on collateral review."); *Padilla v. United States,* 416 F.3d 424 (5th Cir. 2005)*; United States v. Gentry,* 432 F.3d 600 (5th Cir. 2005). To the extent Chavez seeks relief on other grounds, those grounds were not raised on appeal and Chavez has not argued that his procedural default can be overcome. Moreover, Chavez did not seek permission from the Fifth Circuit authorizing what is clearly

a successive motion seeking to assert grounds not raised in either direct appeal or in an initial motion under section 2255.

Chavez has failed to show any grounds for a certificate of appealability and his motion is denied.

SIGNED on July 11, 2006, at Houston, Texas.

                    Lee H. Rosenthal
               United States District Judge